```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

UNITED STATES OF AMERICA

v.                                     CRIMINAL NO. 2:21-00182

STUART DOTSON

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion to revoke Magistrate Judge Tinsley's Detention Order, pursuant to 18 U.S.C. § 3145(b). (ECF No. 20). The United States opposes the motion. For the reasons expressed more fully below, the motion is **DENIED**.

### I.  Background

On November 20, 2019, defendant, Stuart Dotson, received a grand jury target letter. Prior to that time, however, defendant voluntarily met with investigators. On July 7, 2021, a criminal complaint was filed in this court against defendant, charging him with destruction of an energy facility, in violation of 18 U.S.C. § 1366(b). Defendant was arrested the next day without incident, and indeed, assisted in his own arrest by contacting his arresting officer (through the dispatcher).

On July 13, 2021, Magistrate Judge Tinsley presided over a detention hearing. At the conclusion thereof, he ordered that

defendant be detained, finding that defendant posed a risk of non-appearance and a danger to others and the community.  More specifically, Magistrate Judge Tinsley found by a preponderance of the evidence that no set of conditions could reasonably assure defendant's appearance and by clear and convincing evidence that no set of conditions could reasonably assure the safety of other persons and the community.  On July 14, 2021, Magistrate Judge Tinsley issued a written order.

On August 4, 2021, defendant filed a motion to reopen detention based on two new facts.  First, defendant represented that a friend was willing to serve as his third-party custodian.  Second, defendant had contacted a drug treatment program and taken steps toward enrollment, such as scheduling an interview with a psychologist.  The government opposed the motion.  On August 13, 2021, Magistrate Judge Tinsley denied the motion.  The instant motion followed.

Defendant's criminal history dates back to the 1980s.  It includes grand larceny and drug crimes.  He has also been convicted of domestic battery and battery on a law enforcement officer, as well as numerous traffic violations, including operating without a valid driver's license and leaving the scene of an accident.  He has a history of violating the terms of supervised release.  He was on bond for crimes in Raleigh County when he was arrested for the charge here.  This is simply an

overview. Additionally, although defendant was cooperative during his arrest in this instance, his criminal history contains instances of non-cooperation, such as battering his arresting officers or fleeing from them. He also has a history of failing to appear. Defendant has been unemployed for approximately eight years.

Defendant's proposed third-party custodian is a longtime friend, Adam Pruitt, whose household also includes Mr. Pruitt's girlfriend and her three minor children.

The criminal complaint in this matter states that defendant worked with others to steal various pieces of specialized mining equipment from a coal mine and that these thefts forced the mine to cease operations for a period and prevented the mine from processing coal for approximately two weeks in 2019. During the pendency of this motion, the government filed a single-count information against defendant charging him with knowingly and willfully attempting to damage the property of an energy facility, causing more than $100,000 of damage in doing so.

## II. **Legal Standard**

"When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of

release." United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001).

A defendant may be detained only if the government shows, by clear and convincing evidence, that no release condition or set of conditions will reasonably assure the safety of the community or the government shows, by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance. 18 U.S.C. § 3142(c),(f),(g). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community, is sufficient; both are not required." Stewart, 19 F. App'x at 48.

In determining if release conditions exist that will reasonably assure the appearance of a defendant at trial and the safety of the community, the court considers the following: (1) the nature and circumstances of the crime; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, family ties, employment, community ties, and past conduct; and (4) the nature and seriousness of the danger to the community or to any individual that the defendant's release poses. 18 U.S.C. § 3142(g).

**III. Discussion**

Having taken into account the factors set forth in § 3142(g), the entirety of the evidence of record, and the arguments of counsel, the court finds that defendant poses a risk of non-appearance and a danger to the community. The court further finds, by a preponderance of the evidence, that no condition or combination of conditions will reasonably eliminate the risk of defendant's nonappearance, and by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community.

The court acknowledges that defendant cooperated in his arrest in this instance. In the not-too-distant past, however, his behavior has been far different and has burdened or endangered his arresting officers. In 2007 and 2008, he attempted to flee lawful arrest. In 2014, he attacked his arresting officer. Hopefully defendant has changed his ways, but he has plenty of progress to make before there are conditions that can successfully ameliorate the danger to the community and flight risk that his release poses.

As to the third-party custodian proposal, the court agrees with Magistrate Judge Tinsley that this has no material effect on the totality of the circumstances here. Moreover, it is concerning to the court that three minor children (unrelated to the proposed custodian) live in the proposed custodian's

5

residence. Finally, as the government points out, whether Mr. Pruitt can transport defendant to his hearings is unclear, an important consideration given defendant's history of driving without a license.

Defendant's criminal record is lengthy. His repeated violations of the law (and of supervised release) suggest that he will not follow conditions the court may impose which may otherwise sufficiently mitigate the risks of non-appearance or community harm. Much of defendant's record consists of convictions for non-felony offenses, but he has felony convictions as well. And the lesser offenses are still serious; their sheer numerosity, moreover, shows that defendant has had little regard for the law over the past few decades.

In short, upon *de novo* review, it is not difficult for the court to find that the government has shown by a preponderance of the evidence that no conditions can reasonably assure defendant's appearance and that no conditions can reasonably assure the safety of the community.

**IV. Conclusion**

For the reasons stated above, defendant's motion to revoke the detention order (ECF No. 20) is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

**IT IS SO ORDERED** this 5th day of October, 2021.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge