IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.                              CRIMINAL NO. 2:21-00182

**STUART DOTSON**

<u>MEMORANDUM OPINION AND ORDER</u>

In Charleston, on December 5, 2023, came the defendant, in person and by counsel, Tim C. Carrico; came the United States by Brian D. Parsons, Assistant United States Attorney; and came United States Probation Officer, Amanda Brookman, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on August 15, 2023, and the amendments to that petition. The court found that the defendant had received written notice of the alleged violations as contained in the petition and that the evidence against the defendant had been disclosed. The court advised the defendant that pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

The defendant was charged with four violations of supervised release: (1) commission of a state crime, (2)

possession of a controlled substance, (3) failure to notify the probation office within 72 hours of contact with law enforcement, and (4) failure to make timely restitution payments. The defendant admitted to violation number two but challenged the remaining violations.

As to violation number one, the commission of a state crime, the petition alleged that defendant committed the state felony offense of fleeing from law enforcement. In support of this violation, the government offered testimony from West Virginia State Troopers Travis Richardson and Jonathan Morton. The defendant offered testimony from Steven Williams. After considering the evidence, the court found that the government failed to establish the violation by a preponderance of the evidence.

As to the other contested violations, numbers three and four, the government offered testimony from Probation Officer Amanda Brookman. After considering this evidence, the court found that the government proved the violations by a preponderance of the evidence.

The highest-grade violation of supervised release was a Grade C Violation. The defendant had a criminal history score of IV. The court, therefore, found the Guideline imprisonment range for the revocation of supervised release to be six to

twelve months. Neither party objected to the Guideline range determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED,** pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and that he be incarcerated for a period of six (6) months. Upon release from imprisonment, the defendant will serve a term of supervised release of twelve (12) months. While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall be subject to the Standard Conditions of Supervision adopted by this court. All previously imposed conditions of supervision remain in effect and the court imposed the following Special Condition:

    1) Upon his release from incarceration, the defendant shall reside at Dismas Charities for a period of six (6) months and shall abide by all rules and regulations of the facility.

The court also reimposes the defendant's outstanding restitution obligation of $97,166.16, plus interest.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant.

The defendant was informed of his right to appeal. The defendant was further informed that in order to initiate such appeal, a Notice of Appeal must be filed within fourteen (14) days. The court advised the defendant that if he wishes to appeal and cannot afford to hire counsel, the court will appoint counsel for him. The defendant was further advised that if he so requests, the Clerk of Court will prepare and file a Notice of Appeal on his behalf.

The court found by clear and convincing evidence that the defendant does not pose a risk of flight or danger to the community. As such, the defendant was ordered to surrender for service of his sentence at the institution designated by the Bureau of Prisons before 2:00 p.m. on January 5, 2024. If defendant does not receive a designation from the Bureau of Prisons on or before that date, he shall surrender to the United States Marshal Service in Charleston, West Virginia before 2:00 p.m. on that date. The court further advised the defendant that

failure to report is a separate criminal offense under 18 U.S.C. § 3146, for which additional punishment may be imposed.

The court released the defendant on a $10,000 unsecured personal-recognizance bond, which had previously been imposed by United States Magistrate Judge Omar J. Aboulhosn by order entered August 22, 2023.  ECF No. 68.  The court leaves that bond order in effect and removes only the condition of home incarceration.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the probation department of this court.

It is **SO ORDERED** this 11th day of December, 2023.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge